U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shawn C. McGuire | : | Chapter 13 |
| Plaintiff | : | |
| v. | : | Bankruptcy No.: 17-14056 |
| | : | |
| | : | AP No. 24-00086 |
| Nationstar Mortgage, LLC | : | |
| Defendant | : | |

## MOTION FOR DEFAULT JUDGMENT

COMES NOW the Plaintiff, Shawn C. McGuire, through his undersigned counsel, and respectfully requests entry of judgment by default in this matter, and in support thereof, submit the following:

1. The Complaint was filed and sent Certified Mail on June 13, 2024. A copy of the June 13, 2024 Transmittal Letter and proof of mailing are attached hereto as **Exhibit "A."**

2. The proof of delivery dated June 20, 2024 upon an officer of Nationstar Mortgage is further attached hereto and labeled as **Exhibit "B."**

3. The proof of delivery dated June 18, 2024 upon local counsel for Nationstar Mortgage is further attached hereto and labeled as **Exhibit "C."**

3. The Defendant was required to answer or otherwise respond to the Complaint by or before July 15, 2024.

4. As of this date, the Defendant has failed to plead or otherwise defend against the Complaint.

5. The relief sought in this Complaint is a determination that the first mortgage on the Plaintiff's residence exceeds the value of the property, and that the claim of the second mortgage is therefore wholly unsecured under 11 U.S.C. § 506, and is subject to avoidance as such.

6. As a general rule, a defendant in default admits the factual allegations in the complaint:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided. Fed. R. Civ. Pro. 8(d); See e.g., *Globalsantafe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n. 3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted."); *Music City v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985) ("the averments, not denied, contained in plaintiffs' complaint are deemed to be admitted"); *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04cv1109, 2005 U.S. Dist. LEXIS 12249, 11-12 (E.D. Va. 2005).

7. The Complaint in this case states:

   a. The Debtor and/or his bankruptcy estate owns, in fee simple, a parcel of residential real estate located at 26 West Roland Road, Brookhaven, PA (hereinafter referred to as the "Real Property").

   b. The Debtors are indebted to certain creditors holding mortgages against the real property as follows:

   | Creditor | Amount Owing |
   |---|---|
   | Mortgage #1: HSBC Bank | $222,036.52 |
   | Mortgage #2: Nationstar Mortgage | $53,266.89 |

   c. Based on Amended Proof of Claim number 8-3, the first mortgage has a current balance of $222,036.52.

   d. In accordance with the Debtor's Schedule "A," the subject property is valued at $147,142.80.

8. There can be no question of legal entitlement to the relief sought once the facts as pled are deemed admitted by the default. Consistent with Bankruptcy Code § 506(a) and the decisions in *Dean v. LaPlaya Inv., Inc. (In re Dean)*, 319 B.R. 474 (Bankr.

E.D. Va. 2004); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126, 127 (2nd Cir. 2001); *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000), and *Johnson vs. Asset Management Group, LLC*, 226 B.R. 364 (D. Md. 1998), because Defendant's second mortgage is wholly unsecured relative to the Real Property, Defendant is not in any respect a holder of a claim secured by the Debtors' residence and, as such, holds only an unsecured claim.

9. Finally, as the Defendant is a corporate entity, it could not be in the military service, and the Service members Civil Relief Act does not affect Plaintiff's right to a default judgment. As such, Plaintiffs are entitled to default judgment for the relief requested.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter an Order:

(i) Granting judgment by default in Plaintiffs' favor;

(ii) Finding that the Defendant's claim reflected by the assignment of the second mortgage dated September 10, 2013 recorded in the Office of the Register of Deeds for Delaware County, Pennsylvania as wholly unsecured; and

(iii) Subject to completion of the Plan in this case, directing that the lien be ordered avoided and stripped from the Real Property.

                  Respectfully submitted,

                  Sadek Law Offices, LLC
                  /s/ *Brad J. Sadek*
                  Brad J. Sadek, Esquire
                  Attorney for Debtor/Plaintiff
                  Attorney I.D. No. 90488
                  1500 JFK Boulevard, #220
                  Philadelphia, PA 19102

July 17, 2024